IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**KENNETH LEE RILEY,**

      **Petitioner,**

v.                                                                    Case No. 5:17-cv-02367

**WILLIAM J. VEST, Warden,**
**Beckley Correctional Center,**

      **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are Petitioner's *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, (ECF No. 1), and Respondent's Motion to Dismiss, (ECF No. 9). This case is assigned to the Honorable Irene C. Berger, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

The undersigned notes that the record before the Court is well-developed and provides a sufficient basis upon which to resolve this matter without need for an evidentiary hearing. *See* Rule 8, Rules Governing Section 2254 Cases. Having thoroughly reviewed and considered the record, the undersigned **FINDS** that Petitioner's § 2254 petition is untimely under the one-year statute of limitations set forth in the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore,

1

the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** Respondent's Motion to Dismiss, (ECF No. 9); **DENY** Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, (ECF No. 1); and **DISMISS** this case from the docket of the Court.

I. <u>**Relevant Factual and Procedural History**</u>

In 1998, Petitioner and two other state prisoners were indicted in the Circuit Court of Randolph County, West Virginia (the "Circuit Court") for conspiring to deliver marijuana to the state correctional facility in which they were incarcerated. (ECF No. 9-2 at 8-9). Pursuant to a plea agreement, Petitioner pleaded guilty to three of the five counts in the indictment, including the charges of attempted delivery of a controlled substance to an inmate, conspiracy, and possession with intent to deliver a controlled substance. (ECF No. 9-2 at 11-15, 17, 33-34). In exchange for Petitioner's guilty plea, the government agreed to recommend that Petitioner's sentences for the three charges be served concurrently. (*Id.* at 11).

On March 29, 1999, the Circuit Court sentenced Petitioner to three consecutive terms of one to five years in prison. (ECF No. 9-2 at 46-47). Thus, on June 28, 1999, Petitioner moved to reduce his sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure, asking the Circuit Court to consider running his three sentences concurrently. (*Id.* at 51-52, 60). The government responded that it believed that the sentences were appropriate and the Circuit Court denied Petitioner's Rule 35(b) motion by order entered on September 1, 1999. (*Id.* at 62-63, 67-68). Petitioner filed another Rule 35(b) motion on March 31, 2010, which the Circuit Court denied as untimely on April 9, 2010. (*Id.* at 70-71, 83). Petitioner then filed a motion under Rule 35(a) of the West Virginia Rules of Criminal Procedure on June 22, 2010, which the

Circuit Court denied on August 17, 2010. (*Id.* at 85-87, 108).

Thereafter, on November 7, 2012, Petitioner filed a petition for writ of habeas corpus in the Circuit Court. (ECF No. 9-3 at 35). The circuit court considered Petitioner's asserted grounds, including his argument that the government did not fulfill its obligation to recommend concurrent sentences, ineffective assistance of counsel, erroneous information in the presentence report, and his argument that he received an excessive sentence, but the Circuit Court ultimately denied the habeas petition on August 7, 2015. (ECF No. 9-3 at 345-69). Petitioner appealed the denial of his state habeas petition to the Supreme Court of Appeals of West Virginia ("SCAWV"), which affirmed the Circuit Court's ruling by decision dated April 12, 2016 and final mandate entered on May 13, 2016. (ECF No. 9-3 at 414, 415-18).

On April 12, 2017,[1] Petitioner filed the instant federal habeas petition asserting that he was wrongfully convicted of the crimes of possession with intent to deliver a controlled substance and delivery of a controlled substance because the marijuana which he conspired to be delivered to the prison was intercepted by authorities before it ever reached him. (ECF Nos. 1, 15). He argues that his counsel was ineffective for allowing him to plead guilty to such charges; the prosecutor breached the plea agreement by recommending consecutive sentences; he received consecutive sentences for crimes that he could not have committed and were within the same transaction; and a factual basis was not provided for his guilty plea. (ECF No. 1 at 6-8). Petitioner asks for the Court to vacate his convictions or order that the sentences run concurrently. (*Id.*

---

[1] Pursuant to the "prison mailbox rule," the undersigned applies the date that Petitioner deposited the petition with prison authorities as opposed to the date that the clerk of court received the petition. *United States v. McNeill*, 523 F. App'x 979, 981 (4th Cir. 2013) ("pro se litigant's legal papers are considered filed upon 'delivery to prison authorities, not receipt by the clerk.'") (citing *Houston v. Lack*, 487 U.S. 266, 266, 108 S. Ct. 2379, 2380, 101 L. Ed. 2d 245 (1988)).

3

at 8).

Upon reviewing the petition, the undersigned entered an order advising that although Petitioner completed the 28 U.S.C. § 2241 form, his claims should have been filed pursuant to 28 U.S.C. § 2254 because they challenge the validity of his state convictions and sentences. (ECF No. 5). The undersigned further ordered Respondent to show cause, if any, why the relief sought in the petition should not be granted. (*Id.*).

Respondent filed a motion to dismiss, asserting that the habeas petition is untimely under the AEDPA. (ECF Nos. 9, 10). Respondent contends that the statute of limitations within which Petitioner could challenge his 1998 convictions expired on January 1, 2001; consequently, he is barred from filing a federal habeas action in 2017. (ECF No. 10 at 14). In response, Petitioner argues that the AEDPA period did not begin to run until he "exhausted his state remedies," claiming that his federal petition is timely because it was filed within one year of the SCAWV's adjudication of his state habeas petition. (ECF No. 15 at 2).

## II. Discussion

The Fourth Circuit has explained that the AEDPA "imposed a new, one-year statute of limitations on petitions brought by state prisoners for a federal writ of habeas corpus." *Crawley v. Catoe*, 257 F.3d 395, 398 (4th Cir. 2001) (citing 28 U.S.C. § 2244(d)). The one-year limitation period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

>by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) clarifies that the running of the one-year period is suspended for any time that a "properly filed" state post-conviction proceeding "is pending." *Id.* § 2244(d)(2). The Fourth Circuit has construed a state post-conviction proceeding to include all state court proceedings "from initial filing [in the trial court] to final disposition by the highest state court." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999). Upon final disposition of the state post-conviction proceeding, "the running of the § 2244(d) one-year period resumes." *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In other words, the one-year period begins at the conclusion of direct review, but is statutorily tolled if collateral proceedings are initiated in state court. Once collateral state court proceedings conclude, the limitation period begins to run again from the point at which it was tolled by initiation of the collateral proceedings.

Petitioner does not assert or provide any basis to conclude that subsections (A) through (D) of 28 U.S.C. § 2244(d)(1) apply in his case. Rather, he contends that the AEDPA period did not begin running until the SCAWV denied his state habeas petition. As noted above, the AEDPA period began running after Petitioner's judgment "became final." 28 U.S.C. § 2244(d)(1). A judgment becomes final: (1) when the opportunity to appeal the district court's judgment expires; (2) when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction; or (3) when the Supreme Court of the United States denies certiorari. *Turner v. Ballard*, No. 5:15-CV-00066, 2015 WL 4477816, at *6 (N.D.W. Va. July 22, 2015) (citing *United States v. Clay,* 537 U.S. 522, 524–25, 32 (2003)) (internal quotation marks omitted).

5

Petitioner did not file a direct appeal in the SCAWV. Thus, his conviction became final after the period within which he could file an appeal in the SCAWV expired, which was in August 1999, four months after the final order was entered in his case. (ECF No. 9-2 at 5); W. Va. R. Crim. P. 37(b) (1996); *see Daniels v. Waid*, No. 2:09-CV-00244, 2011 WL 1043490, at *1 (S.D.W. Va. Mar. 18, 2011) (The § 2254 petitioner's right to file a direct appeal with the SCAWV expired four months after he was sentenced) (citing W. Va. R. Crim. P. 37(b)(3)); *Macri v. Ballard*, No. 5:14CV11, 2015 WL 892957, at *9 (N.D.W. Va. Mar. 2, 2015) ("The petitioner was sentenced by order entered August 2, 2010. Because petitioner did not file a direct appeal, his sentence became final when the time for seeking such review expired. Pursuant to Rule 37(b)(3) of the West Virginia Rules of Criminal Procedure, a petition for appeal must be filed with the Clerk of the Circuit Court within four months of the entry of the circuit court order. Thus, in this case, the petitioner's sentence became final on December 3, 2010, and therefore, he had until December 3, 2011, to timely file a federal habeas petition.")

However, before Petitioner's judgment became final in August 1999, Petitioner filed a motion to reduce his sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure in June 1999, which tolled the AEDPA period. *See Wall v. Kholi*, 562 U.S. 545, 546, (2011) (holding that AEDPA's limitation period may be tolled by the filing of a motion to reduce sentence pursuant to Rule 35); *Johnson v. Plumley*, 2014 WL 3735856, n.2 (N.D.W. Va. July 29, 2014)("[A] motion to reduce a sentence seeks collateral relief, and thus triggers the tolling provision of 28 U.S.C. § 2244(d)(2)"). The Circuit Court denied Petitioner's Rule 35(b) motion in September 1999 and Petitioner did not appeal the decision. Therefore, the statute of limitation began running at that time and more than 10 years elapsed before Petitioner filed a Rule 35(a) motion in June

2010, which he followed with a state habeas petition in November 2012.[2] Because the AEDPA statute of limitations was long expired by the time of these potential tolling events, they did not affect the calculation. *Carpenter v. Fox*, No. 3:06-CV-140, 2007 WL 4556661, at *3 (N.D.W. Va. Dec. 20, 2007) (A "state habeas petition could not toll the one-year limitation because there was nothing left to toll at that time"). Petitioner did not file his federal habeas petition until April 2017, which was more than 16 years after the AEDPA statute of limitation expired. Therefore, the petition is very clearly untimely.

Finding that Petitioner's § 2254 petition is untimely, the undersigned further notes that Petitioner does not adduce any basis to apply equitable tolling. The one-year AEDPA limitation period may be tolled in "'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'" *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)). However, the doctrine of equitable tolling is available only in extraordinary cases and only when the petitioner has diligently pursued his rights. Garden variety attorney negligence, lack of knowledge regarding the law, and *pro se* status are all insufficient grounds to justify equitable tolling. *See Lanahan v. Helsel*, No. CV JFM-15-2133, 2016 WL 4742231, at *2 (D. Md. Sept. 8, 2016) (citations omitted); *also Barrow v. New Orleans S.S. Ass'n,* 932 F. 2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of petitioner's unfamiliarity with the legal process or his lack of legal representation); *Rouse,* 339 F.3d at 248-249 (negligent mistake by party's counsel in

---

[2] Petitioner's second Rule 35(b) motion filed in 2010 would not have operated as a potential tolling event because it was untimely. *Bellamy v. Plumley*, 2015 WL 2155697, * 5 (S.D.W. Va. May 7, 2015) ("While a motion to reduce sentence may toll the AEDPA's statute of limitations from running, an untimely motion does not since it is not 'properly filed' within the meaning of § 2244(d)(2).")

7

interpreting AEDPA statute of limitations does not present extraordinary circumstances warranting equitable tolling); *Smith v. McGinnis,* 208 F.3d 13, 18 (2nd Cir. 2000) (*pro se* status does not establish sufficient ground for equitable tolling); *Felder v. Johnson,* 204 F.3d 168, 171-173 (5th Cir. 2000) (lack of notice of AEDPA amendments and ignorance of the law are not rare and exceptional circumstances that warrant equitable tolling). Moreover, the petitioner must "demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances." *Britt v. Commonwealth of Virginia*, No. 1:15CV1581, 2016 WL 1532238, at *3 (E.D. Va. Apr. 14, 2016) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)). Here, for the reasons stated above, neither Petitioner's *pro se* status, his misunderstanding of the statute of limitation, nor any other justification in the record entitles this § 2254 petition to equitable tolling.

### III.   Proposal and Recommendations

The undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** as follows:

1.   Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, (ECF No. 1), be **DENIED** and **DISMISSED, with prejudice**; and

2.   Respondent's Motion to Dismiss, (ECF No. 9), be **GRANTED**.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties

8

shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Berger, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner, Respondent, and counsel of record.

**FILED:** January 5, 2018

_____
Cheryl A. Eifert
United States Magistrate Judge